UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2: 18-054-DCR |
| ) | and |
| V. ) | Civil Action No. 2: 20-171-DCR |
| ) | |
| CERISSA NEWBILL, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Cerissa Newbill was sentenced to five years of probation on May 30, 2019, based one count of conversion of federal property in violation of 18 U.S.C. § 641. [Record No. 33] Thereafter, she filed a timely notice of appeal. [Record No. 45] However, on Newbill's motion, her appeal was dismissed on December 5, 2019. [Record No. 53] She has now filed a *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Record No. 54] Newbill asserts that her trial counsel "rendered deficient performance and [she] was prejudiced by those errors and omissions." [*Id.* at p. 4] That is all the motion states, and Newbill did not file any supporting documentation or arguments. She filed the motion on December 4, 2020, one day prior to the expiration of the relevant statute of limitations.[1]  *See* 28 U.S.C. § 2255(f).

---

[1]  Newbill represents that she placed her filing in the prison mailing system on December 3, 2020, invoking the prison filing rule. [Record No. 54]; *see Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (a prisoner's § 2255 motion is deemed filed on the date it is delivered to prison officials for filing). **However, Newbill is not incarcerated**. While she is still "in custody" for the purpose of bringing a § 2255 motion, *Jones v. Cunningham*, 371 U.S. 236, 238 (1963), the filing rule is irrelevant to this matter.

-1-

Rule 4 of the Rules Governing Section 2255 Proceedings in United States District Courts directs a court to dismiss a petition "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). A petition that "state[s] only bald legal conclusions with no supporting factual allegations" may be denied, "although the better course might [be] to direct the petitioner to amend h[er] motion." *Sanders v. United States*, 373 U.S. 1, 19 (1963) (citations omitted).

The matter was referred to United States Magistrate Judge Candace J. Smith, who recommended that the motion be denied on preliminary review. The magistrate judge reasoned that, "[b]y failing to develop her ground for relief in any way, Newbill has effectively presented no ground for relief." [Record No. 57, p. 3] And although allowing an amendment may be the normal course, "any further filing would effectively be a new ineffective-assistance ground given that [Newbill's] original assertion is so conclusory." [*Id.*] Further, any filing would be time-barred because it would not relate back to the original filing date under Federal Rule of Civil Procedure 15(a). [*Id.* at pp. 4-5 (citing *Mayle v. Felix*, 545 U.S. 644, 664 (2005))] Magistrate Judge Smith also recommended against granting a certificate of appealability. [*Id.* at p. 6]

When a United States Magistrate Judge is designated to submit proposed findings of fact and a recommendation for disposition, 28 U.S.C. § 636(b)(1) empowers the Court to "accept, reject, or modify, in whole or in part," the recommendation. For issues that neither party objects to, "[t]he statute does not on its face require any review at all." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). But where a party files an objection, the Court "shall make a *de*

*novo* determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In this case, Newbill did not object to Magistrate Judge Smith's recommendation. Nevertheless, having reviewed the record and Newbill's petition, the Court finds that any objections would have been unfounded.

Newbill's motion was filed on AO Form 243, which directs a petitioner to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States" and "the facts supporting each ground." [Record No. 54, p. 4] Newbill asserted only one ground, "Ineffective Assistance of Counsel," and provided only the following as "[s]upporting facts": "Hal Arenstein rendered deficient performance and the defendant was prejudiced by those errors and omissions." [*Id.*] But she did not elaborate on any alleged errors and omissions.

Newbill's conclusory assertions are insufficient to state a ground for relief under § 2255. A petitioner alleging constitutionally inadequate assistance of counsel must show that trial counsel's performance fell below an objective standard of reasonableness and the petitioner was prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Newbill's motion merely invokes the standard and concludes that it is met here, but she fails to provide any factual basis for her conclusion. As such, the Court agrees that her motion should be denied. [Record No. 57, pp. 2-3]

Newbill's last-minute filing forecloses the opportunity to substantiate her claims that she would have normally been provided. She had one year from "date on which the judgment of conviction bec[ame] final" to file her petition. 28 U.S.C. § 2255(f). Her conviction became final on December 5, 2019, when her direct appeal was dismissed. [Record No. 57, pp. 3-4]

Thus, the current motion was filed on the eve of the expiration of the limitations period. If Newbill were provided an opportunity to amend the motion, her filing would be time-barred because merely filing a petition within the statutory period does not toll the limitations period. *See Bencomo-Castillo v. United States*, No. 3:11-00621, 2014 WL 4415917, at *4 (M.D. Tenn. Sept. 8, 2014) (citing *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)).

Moreover, the Court agrees that any amendment would not relate back to Newbill's original filing because it would rely on different facts. Rule 15 of the Federal Rules of Civil Procedure, which apply to § 2255 proceedings, states that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out." Fed. R. Civ. P. 15(c)(1)(B); Rule 12 of the *Rules Governing Section 2255 Proceedings*. "[R]elation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659 (quotation omitted). As noted, Newbill failed to include any facts in her motion. Thus, the Court agrees with Magistrate Judge Smith that there is "no common core of operative facts for any subsequent amended § 2255 motion raising an ineffective-assistance ground to relate back to." [Record No. 57, p. 5] Therefore, Newbill's conclusory petition plainly fails to entitle her to relief, and any amendment would be untimely.

Finally, a Certificate of Appealability is unwarranted. *See* 28 U.S.C. § 2253(c)(1)(B); Rule 11 of the *Rules Governing Section 2255 Proceedings*. A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The petitioner satisfies this burden by showing that reasonable jurists would find the Court's conclusions

debatable, or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, reasonable jurists would not debate that Newbill's petition fails to provide the Court a factual basis upon which to grant relief. She has made no showing at all in support of her claims, let alone a "substantial showing" that would entitle her claims to proceed further. *Miller-El*, 537 U.S. at 336.

Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 57] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Cerissa Newbill's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Record No. 54] is **DENIED**. Her claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability will not issue.

Dated: January 11, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky